WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryon D Muldner,<br><br>           Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>           Defendant. | No. CV-16-01652-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's appeal of the denial of his claim for social security disability benefits. On appeal, Plaintiff raises four claims of error: 1) that the Administrative Law Judge ("ALJ") failed to give sufficient reasons to not fully credit Plaintiff's symptom testimony, 2) that the ALJ failed to give sufficient reasons to not give full weight to the opinions of two of Plaintiff's treating physicians (Dr. Reinhart and Dr. Feinstein), 3) that the opinion of the ALJ lacks sufficient specificity; and 4) the ALJ erred in denying Plaintiff's request for subpoenas as to certain examining or non-examining physicians. The Court will address each claim of error in turn.

**I.     Review of ALJ Decision**

The ALJ's decision to deny benefits will be overturned "only if it is not supported by substantial evidence or is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quotation omitted). "Substantial evidence" means more than a mere scintilla, but less than a preponderance. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

"The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984) (citation omitted). In determining whether there is substantial evidence to support a decision, the Court considers the record as a whole, weighing both the evidence that supports the ALJ's conclusions and the evidence that detracts from the ALJ's conclusions. *Reddick*, 157 F.3d at 720. "Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld; and in reaching his findings, the ALJ is entitled to draw inferences logically flowing from the evidence." *Gallant*, 753 F.2d at 1453 (citations omitted); *see Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). This is because "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Thus, if on the whole record before the Court, substantial evidence supports the ALJ's decision, the Court must affirm it. *See Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). On the other hand, the Court "may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* (quotation and citation omitted).

Finally, the Court is not charged with reviewing the evidence and making its own judgment as to whether Plaintiff is or is not disabled. Rather, the Court's inquiry is constrained to the reasons asserted by the ALJ and the evidence relied on in support of those reasons. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

**II. Claims of Error on Appeal**

    **A. Plaintiff's Symptom Testimony**

The parties agree that (under Ninth Circuit precedent), because the ALJ did not find evidence of malingering, the ALJ was required to give clear and convincing reasons to not credit Plaintiff's symptom testimony. (Doc. 25 at 11 (albeit arguing that Ninth

Circuit precedent is inconsistent with federal law); Doc. 18 at 22). The ALJ dedicated multiple pages of the opinion to why he did not find Plaintiff's symptom testimony credible, linking particular testimony to particular discrediting other evidence of record. On appeal, Plaintiff acknowledges that the ALJ "advanced several rationales for finding symptom testimony not credible," but nonetheless argues that none of the rationales are sufficient to be clear and convincing. (Doc. 18 at 23).

By way of example, in one paragraph of his opinion, the ALJ found the following:

Claimant testified he had back pain, which was always present, and neck pain that woke him up at night, and that on a typical day he lied down 8 to 16 times per day adding up to a couple of hours per day. (Doc. 12-3 at 25).[1] The ALJ found this testimony inconsistent with third-party testimony, Claimant's own testimony, and the medical evidence; specifically:

- Claimant's mother's testimony that claimant could prepare his own meals, perform chores (like cleaning his room and bathroom), taking out the garbage, loading and unloading the dishwasher, loading the laundry, and picking up after the dog.
- Claimant's mother's testimony that claimant had no issues with personal care.
- Claimant's testimony that he runs errands, including grocery shopping, shopping with his father, and running errands with his friend.
- Claimant's testimony that he can use public transportation and that he can drive. Further Claimant drove himself and went alone to the consultative examination.
- Dr. DeFelice's testimony that Claimant had a GAF score of at least 50, Claimant's substance abuse was in sustained remission, Claimant was cognitively intact, and that Claimant had no significant

---

[1] The page numbers reflect this Court's record, not the ALJ's page numbering.

limitations other than with detailed tasks.

*Id.*

The ALJ's opinion has 9 single spaced pages giving equally detailed explanations of what Claimant claimed as a symptom, and what evidence of record contradicted that testimony. (Doc. 12-3 at 25-26, 28-34). While the Court will not undertake to reproduce the entire opinion of the ALJ in this Order, the Court finds that those 9 singles spaced pages detailing Plaintiff's symptom testimony and the evidence of record that conflicted with Plaintiff's symptom testimony provide many clear and convincing reasons why the ALJ did not find the severity of Plaintiff's symptom testimony to be credible.

### B. Treating Physician Testimony

The Ninth Circuit distinguishes between the opinions of three types of physicians: (1) those who treat the claimant ("treating physicians"); (2) those who examine but do not treat the claimant ("examining physicians"); and (3) those who neither examine nor treat the claimant ("non-examining physicians"). *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). As a general rule, the opinion of an examining physician is entitled to greater weight than the opinion of a non-examining physician, but less than a treating physician. *Andrews*, 53 F.3d at 1040–41.

An "ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20 C.F.R. § 404.1527(b)). An ALJ may reject the opinion of a treating physician, even when that opinion is contradicted by other medical evidence of record, only if the ALJ provides "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31.

When reviewing an ALJ's determination, the Court must uphold an ALJ's decision—even if the ALJ could have been more specific in the opinion—if the Court can reasonably infer why ALJ the rejected an opinion. *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned.") (internal quotations and citation omitted). Moreover, "if evidence exists to support more than one

rational interpretation, [the court] must defer to the [ALJ's] decision" *Batson*, 359 F.3d at 1193; *see also Osenbrock v. Apel*, 240 F.3d 1157, 1162 (9th Cir. 2001).

### 1. Dr. Reinhart

Plaintiff claims the ALJ erred in giving only little weight to the opinions of Dr. Reinhart. The ALJ gave multiple reasons for not fully crediting Dr. Reinhart's opinion. (Doc. 12-3 at 34). Specifically, the ALJ did not fully credit Dr. Reinhart's opinion because the opinion: 1) was based on claimant's subjective complaints; 2) appeared to be sympathetic; and 3) was contradicted by other examining and non-examining doctors whose opinions were: A) supported by medically acceptable laboratory and clinical findings; and B) consistent with the record as a whole. (*Id.*).

The ALJ may properly discount an opinion of a treating physician that is based on the Plaintiff's subjective complaints if the ALJ properly discounts Plaintiff's symptom testimony. *Tommasetti*, 533 F.3d at 1041. Here, as stated above, the ALJ properly discounted Plaintiff's symptom testimony. Therefore, the fact that Dr. Reinhart's opinion was based on Plaintiff's self-reported symptoms was a specific and legitimate reason supported by substantial evidence of record to not fully credit Dr. Reinhart's opinion.

Next, Plaintiff argues it was error for the ALJ to conclude that Dr. Reinhart's opinion was sympathetic to Plaintiff. (Doc. 18 at 17). Specifically, Plaintiff argues that Dr. Reinhart's opinion was not sympathetic but was based on multiple physical examinations. (*Id.*). However, the flaw in Plaintiff's argument is that the ALJ did not raise lack of examinations as a reason for discounting Dr. Reinhart's opinion. Instead, the ALJ noted that the result of those examinations seemed inconsistent with the severity of the limitations ultimately found by Dr. Reinhart, which suggested that the limitations found by Dr. Reinhart were sympathetic to Plaintiff's self-reported symptoms. This conclusion was not error.

Finally, Plaintiff argues it was error that the ALJ rejected Dr. Reinhart's opinion because it was inconsistent with other doctor's opinions and not supported by laboratory or clinical findings. Plaintiff argues that Dr. Reinhart's opinion being inconsistent with

- 5 -

other doctors' opinions is not a specific and legitimate reason to not fully credit Dr. Reinhart's opinion. (Doc. 18 at 17-18). The Court disagrees. The ALJ may reject a doctor's opinion that is not supported by the record as a whole, which would include the opinions of all the other doctors who reached a different conclusion. *Batson*, 359 F.3d at 1195. Further, the ALJ is responsible for resolving conflicts in the medical testimony, and this Court cannot substitute its judgment for that of the ALJ. *Matney*, 981 at 1019.

Additionally, Dr. Reinhart's opinion not being supported by any objective medical findings, and instead being supported by only Plaintiff's subjective complaints, is a further specific and legitimate reason to discount the opinion. The conclusion is particularly true when Dr. Reinhart's ultimate opinions are not supported by even his own clinical observations (for example, Dr. Reinhart ordered an EEG of Plaintiff which should no epileptiform activity). (Doc. 25 at 8); *see also Connett*, 340 F.3d at 874-75 (finding the fact that a treating physician's opinion was not supported by his own treatment notes was a specific and legitimate reason to not credit the opinion).

Based on all of the foregoing, the Court finds the ALJ gave specific and legitimate reasons supported by substantial evidence of record to not fully credit the opinions of Dr. Reinhart or the limitations found by Dr. Reinhart.

**2. Dr. Feinstein**

The ALJ gave no weight to Dr. Feinstein's opinion because: 1) it was not consistent with Dr. Feinstein's own medical records, including his own clinical and examination findings; 2) it was based on Plaintiff subjective complaints; 3) it was not consistent with all of the medical records in the case; 4) it was contradicted by the opinions of other examining doctors (whom the ALJ gave greater weight); and 5) the limitations found by Dr. Feinstein were inconsistent with Plaintiff's self-reported activities of daily living. (Doc. 12-3 at 35).

Reasons 1 through 4 listed in the preceding paragraph are specific and legitimate reasons to not credit Dr. Feinstein's testimony for the same legal reasons that they were specific and legitimate reasons to not credit Dr. Reinhart's testimony as discussed above.

Further, reason 5 (that Dr. Feinstein's diagnosed limitations were inconsistent with Plaintiff's own recounting of his daily activities) is an additional specific and legitimate reason to not credit Dr. Feinstein's opinion. *See Morgan v. Com'r of Soc. Sec. Admin.*, 169 F.3d 595, 601–02 (9th Cir. 1999) (considering an inconsistency between a treating physician's opinion and a claimant's daily activities a specific and legitimate reason to discount the treating physician's opinion).

Thus, the ALJ gave specific and legitimate reasons supported by substantial evidence of record to not credit the opinions and limitations of Dr. Feinstein; therefore, there was no error.

### C. Specificity

Plaintiff dedicates a total of seven lines of his brief to arguing that the ALJ's opinion as a whole is not specific enough to deny benefits. (Doc. 18 at 15). The Court finds that the ALJ's 18 page single spaced decision is sufficiently specific to support the ALJ's findings and conclusions. Accordingly, the Court rejects this claim of error on appeal.

### D. Subpoenas

Finally, Plaintiff argues that the ALJ committed a procedural error by discrediting the treating physicians without allowing Plaintiff to subpoena certain examining and non-examining physicians.[2] (Doc. 18 at 26-27). The ALJ spent the first 2 pages of his opinion explaining why he did not find subpoenas for these physicians to be necessary. (Doc. 12-3 at 19-20).

Specifically, the ALJ denied the request for subpoenas because, "Here, I found the requested information was not necessary for adjudication of the case." (Doc. 12-3 at 20). The ALJ found that the subpoenas: 1) sought qualifications information about the physicians that was already readily available; 2) sought information about the length of the examinations which Plaintiff himself could testify about; and 3) sought to confirm the

---

[2] Some subpoenas sought live testimony, while others sought to have certain written interrogatories answered. (Doc. 12-3 at 19).

state of the law, which the ALJ was capable of doing without testimony. (Doc. 12-3). Thus, the ALJ concluded that all of this information was not necessary to the adjudication of the case.

The Ninth Circuit Court of Appeals has stated: "A claimant in a disability hearing is not entitled to unlimited cross-examination, but rather 'such cross-examination as may be required for a full and true disclosure of the facts.' 5 U.S.C. § 556(d). The ALJ, therefore, has discretion to decide when cross-examination is warranted." *Solis v. Schweiker*, 719 F.2d 301, 302 (9th Cir. 1983).

In this case, as recounted above, the ALJ found that the questions to be posed to the physicians by Plaintiff were not necessary for the decision in this case. On appeal, Plaintiff still offers no argument regarding what relevant evidence would have been gained by allowing the subpoenas. (Doc. 18 at 27). Thus, the Court finds the ALJ did not err in denying the subpoenas.

**III. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the decision of the Administrative Law Judge is affirmed and the Clerk of the Court shall enter judgment accordingly.[3]

Dated this 20th day of June, 2017.

James A. Teilborg
Senior United States District Judge

---

[3] To the extent a mandate is required, the judgment shall serve as the mandate.